**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jose Bermeo-Ayon,

Petitioner,

v.

Luis Rosa, Jr., *et al.*,

Respondents.

No. CV-26-03489-PHX-JJT (ASB)

**ORDER**

Before the Court is the Report and Recommendation (Doc. 14, "R&R") entered in this matter by United States Magistrate Judge Alison S. Bachus recommending that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be denied and dismissed. Petitioner has filed a written Objection (Doc. 15) to the R&R that the Court deems timely and has therefore considered. The Court will Overrule the Objection, adopt the R&R in whole, and deny and dismiss the Petition.

The Court earlier found that Petitioner had raised two grounds meriting response from Respondents. Ground 1 argued that Respondents violated his Fifth Amendment Due Process rights by denying him a bond hearing. Ground 4 asserted that Respondents violated his Fifth Amendment Due Process rights, the Administrative Procedure Act and their own procedures by arresting Petitioner without a warrant and without providing him a reason for his detention or advising him of his right to counsel. Respondents addressed both grounds and provided documents from Petitioner's A-file supporting their position.

The R&R correctly concluded that Petitioner is not entitled to relief on his asserted Ground 1. In conducting her analysis, Judge Bachus assumed Petitioner was entitled to a custody redetermination hearing under 8 U.S.C. § 1226(a)—the statutory hearing provision most favorable to Petitioner among the options (*See* R&R at 6.). But as Judge Bachus noted, Petitioner received just such a custody redetermination hearing on April 2, 2026, during which the IJ denied his request for a change in custody status after finding that Petitioner "did not meet his burden to show that his release would not pose a danger to the community." (R&R at 2.) And while the Court is without jurisdiction to re-weigh an IJ's detention decision, it notes, as did Judge Bachus, that the IJ had before her Petitioner's recent conviction for violating a state protective order. Respondents provided the IJ's Order from the custody redetermination proceedings to demonstrate that Petitioner indeed received the hearing he alleged had been denied to him.

In the R&R, Judge Bachus also correctly found that ICE agents arrested Petitioner on February 9, 2026 pursuant to a warrant issued December 2, 2025, and served on him February 12, 2026, belying his allegation that agents arrested him without a warrant. Again, in their response, Respondents provided a copy of the DHS warrant and documentation of its service upon Petitioner. (Doc. 9-2.) Judge Bacchus also correctly concluded Petitioner provides no support for his position that he is entitled under the Due Process clause to a pre-detention hearing in the circumstances his case presents. Because Petitioner was a lawful permanent resident, he was not unsupervised release or release on his own recognizance; thus, he does not qualify for the process of a hearing that this circuit has concluded is due when the government seeks to revoke the supervised release of a non-citizen. (R&R at 5-6.)

In his Objection, Petitioner fails to meaningfully address any of the conclusions Judge Bachus has reached to support her recommendations regarding Grounds 1 and 4. The Court therefore will overrule the Objections and adopt the R&R.

**IT IS ORDERED** overruling Petitioner's "Written Objection to the Court's Report and Recommendation by Magistrate Judge Dated 7/9/26" (Doc. 15.)

**IT IS FURTHER ORDERED** adopting in whole the R&R by Judge Bachus (Doc. 14).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). The Clerk of Court shall enter judgment accordingly and terminate this matter.

Dated this 24th day of August, 2026.

Honorable John J. Tuchi
United States District Judge